```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


KENNETH DUFRENE, ET AL.                    CIVIL ACTION

VERSUS                                     NO: 15-3547

NATIONAL RAILROAD                          SECTION: "J"(5)
PASSENGER CORPORATION
```

## ORDER & REASONS

Before the Court is Defendant National Railroad Passenger Corporation's (Amtrak) *Motion for Summary Judgment* **(R. Doc 22)**, and a response thereto by Plaintiff, Kenneth Dufrene **(R. Doc. 23)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from injuries Plaintiff Kenneth Dufrene alleges he sustained when he fell while on Defendant's property. On August 4, 2014, Plaintiff, an employee of Louisiana Lift and Equipment, Inc., arrived at Defendant Amtrak's New Orleans facility to perform preventative maintenance. Upon entering the facility, Plaintiff exited his truck and asked Amtrak personnel if he could park the truck near the equipment upon which he was going to perform maintenance. Plaintiff received permission to park near the equipment and proceeded to walk back to his truck. When Plaintiff walked back to his truck he turned his ankle on a

limestone rock, which Plaintiff alleges caused him to injure his ankle. Plaintiffs[1] allege that Defendant Amtrak failed to maintain a safe working area, created an unsafe working area, failed to warn Mr. Dufrene of the unsafe working area, and was generally negligent. (R. Doc. 1-1.) Defendant argues that the condition that Plaintiff alleges caused his injuries was open and obvious and not unreasonably dangerous. Therefore, Defendant argues it is not liable for Plaintiffs' alleged injuries. (R. Doc. 22-1.) Defendant's motion is now before the Court on the briefs and without oral argument.

## PARTIES' ARGUMENTS

**1.  Defendant's Arguments**

Defendant argues that it had no duty to warn Mr. Dufrene of the alleged defect, because the condition which allegedly caused his injuries was open and obvious and not unreasonably dangerous. *Id.* at 7. Defendant argues that Mr. Dufrene's deposition testimony confirms that the condition was open and obvious. Defendant argues that Mr. Dufrene was experienced with walking on different types of surfaces, often walked on uneven surfaces, and knew that he was to pay attention to where he was walking. *Id.* at 11. For these reasons, Defendant argues that its motion for summary judgment

---

[1] The Plaintiffs in this case are Kenneth Dufrene and his wife, Rosanna Dufrene. Ms. Dufrene claims she has suffered loss of love and affection, loss of consortium, loss of enjoyment of life, and other damages. (R. Doc. 1-1 at 3.)

should be granted and Plaintiffs' claim dismissed with prejudice. *Id.* at 12.

**2.   Plaintiffs' Arguments**

Plaintiffs present two arguments in response to Defendant's motion: 1) Whether a condition presented an unreasonable danger is a question of fact which precludes summary judgment; and 2) The condition which caused Mr. Dufrene's injuries was not open and obvious. *See* (R. Doc. 23.) Plaintiffs argue that "claims for negligence under [Louisiana Civil Code Article 2315] or a defective surface condition under [Louisiana Civil Code Article 2317.1] are questions of fact to be left to the jury under almost all circumstances." *Id.* at 9. Further, Plaintiffs claim that whether a condition is "unsafe" is a question of fact which precludes summary judgment. *Id.* at 11. Plaintiffs also assert that the condition which caused Mr. Dufrene's injuries was not open and obvious. *Id.* at 1-8. Plaintiffs allege that Mr. Dufrene "had no option but to walk on the loose limestone surface, . . . that he was watching where he was walking and not distracted, . . . and was doing everything he could reasonably be expected to do under the circumstances." *Id.* at 8. Finally, Plaintiffs assert that "the particular limestone rock which caused [Mr. Dufrene's injuries] was large, creating an uneven surface, but one which blended into the surrounding limestone rocks of the same color." *Id.* Thus,

3

Plaintiffs assert that summary judgment is inappropriate because factual issues remain as to whether the condition that caused Mr. Dufrene's injuries was unreasonably dangerous or open and obvious.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed

4

verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See*, *e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Under Louisiana law, it is well-settled that "a landowner owes a duty to a plaintiff to discover any unreasonably dangerous conditions, and to either correct the condition or warn of its existence." *Dauzat v. Curnest Guillot Logging Inc.*, 2008-0528 (La. 12/2/08); 995 So. 2d 1184, 1186 (per curium). Louisiana Civil Code

Articles 2317 and 2317.1 provide that an individual is responsible for the damage caused by things in his custody and answerable for damage caused by their defect upon a showing that he knew or, in the exercise of reasonable care, should have known of the defect that caused the damage, that the damage could have been prevented by the use of reasonable care, and that he failed to exercise such care. La. Civ. Code arts. 2317, 2317.1. Thus, to recover for damages caused by a defective thing, the plaintiff must prove the following elements: (1) the property that caused the damage was in the defendant's custody; (2) the property contained a defect that presented an unreasonable risk of harm to others; (3) the defective condition caused the damage; and (4) the defendant knew or should have known of the defect. *See*, *e.g.*, *Ardoin v. Lewisburg Water Sys.*, 2007-180 (La. App. 3 Cir. 6/18/07); 963 So. 2d 1049, 1051.

The owner or custodian of a thing is not responsible for all injuries resulting from any risk posed by the thing. Rather, the owner is only responsible for those injuries caused by a ruinous condition or defect that presents an unreasonable risk of harm to others, *i.e.*, a defect that is unreasonably dangerous. *See Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13); 113 So. 3d 175, 183. The question of whether a defect presents an unreasonable risk of harm is "a matter wed to the facts" and must be determined in light of the facts and circumstances of each particular case. *Id.* But, under Louisiana

law, a defendant generally does not have a duty to protect against an obvious and apparent hazard. *Id.* at 184. And in *Bufkin v. Felipe's Louisiana, LLC*, the Louisiana Supreme Court clarified its holding in *Broussard*, and stated that "[*Broussard*] should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous." 14-0288 (La. 10/15/14); 171 So. 3d 851, 859 n.3. In order for an alleged hazard to be obvious and apparent, the hazard should be one that is "open and obvious to everyone who may potentially encounter it." *Id.* (citing *Broussard*, 113 So. 3d at 184).

Defendant argues that the alleged defect that caused Mr. Dufrene's injuries was open and obvious and not unreasonably dangerous. If true, Defendant did not owe Mr. Dufrene a duty and cannot be held liable for his injuries. *See Broussard*, 113 So. 3d 175; *Bufkin*, 171 So. 3d 851. Thus, if there is no genuine issue of material fact that the condition which allegedly caused Plaintiff's injuries was open and obvious or not unreasonably dangerous, Defendant's motion for summary judgment will be granted. *Id.; see also Allen v. Lockwood*, 2014-1724 (La. 2/13/15); 156 So. 3d 650; *Reagan v. Recreation and Park Comm'n for Par. of E. Baton Rouge*, 13-2761 (La. 3/14/14), 135 So. 3d 1175 (Guidry, J., dissenting in writ denial).

7

Plaintiff testified in his deposition that he entered Defendant's facility in his employer's truck at approximately 9:00 a.m. on the morning of the incident. (R. Doc. 22-2 at 2.) Upon entering, he drove to the back of the facility. *Id.* at 3. The rear of the facility has a paved parking area and a gravel-limestone parking area that abut one another. *See* (R. Doc. 22-3.) Plaintiff located the equipment he intended to perform maintenance on and planned to back his truck up to the equipment. (R. Doc. 22-2 at 3.) However, there were several Amtrak personnel near the equipment. *Id.* Plaintiff parked his truck on the gravel limestone parking area, exited the truck, walked on the gravel-limestone parking area and then onto the paved parking area to ask the personnel if he could back his truck up to the equipment. *Id.* at 4. After the Amtrak personnel confirmed that the Plaintiff could back his truck up to the equipment, Plaintiff walked back to his truck. *Id.* Plaintiff then traversed back across the paved parking area and back onto the gravel-limestone area to get into the truck. *Id.* It was at this point, on the gravel-limestone parking area, that Plaintiff injured his ankle. *See* (R. Doc. 23-1 at 13.) Plaintiff agreed that it was obvious to him at the time that the two parking areas were two different kinds of surfaces. (R. Doc. 22-2 at 15-16.) Plaintiff also testified that he could see that the gravel-limestone area clearly consisted of rocks. *Id.* at 17. Plaintiff testified that prior to walking on the gravel-limestone

area he saw that this area consisted of different sized rocks. *Id.* at 26. Further, Plaintiff testified that the particular rock which allegedly caused Plaintiff's injuries was bigger than most of the other rocks (R. Doc. 22-2 at 25),[2] although Plaintiff argued that it blended in with the other rocks (R. Doc. 23-1 at 14). Finally, Plaintiff testified that there was nothing blocking his view when he began walking on the limestone-gravel area. (R. Doc. 22-2 at 26.)

In *Allen v. Lockwood*, the Louisiana Supreme Court determined that the plaintiff did not satisfy her burden of proving that an unpaved grassy parking area of a rural church was unreasonably dangerous; and therefore, the church was not liable to the pedestrian for the alleged injuries she sustained when she was struck by a motor vehicle in the parking area. *See Allen*, 156 So. 3d 650, 653. Specifically, the defendants produced evidence through photographs and deposition testimony that the parking area had been used by congregants for decades without incident and the allegedly dangerous condition—the unpaved grassy parking area—was obvious and apparent to all. *Id.* The plaintiff then failed to produce any evidence to rebut the defendants' evidence, nor did the plaintiff demonstrate how the alleged defects caused the accident. *Id.* The court concluded that there was no genuine issue

---

[2] Specifically, Plaintiff asserts that the particular rock was "a large piece of limestone about almost half to three-quarters the size of a foot." (R. Doc. 23-1 at 14.)

of material fact as to whether the parking area was unreasonably dangerous and granted the defendant's motion for summary judgment. *Id.*

Similarly, in *Bias v. Scottsdale Insurance Company*, the plaintiff filed suit alleging he was injured when he fell in a parking lot owned by the defendants. 10-378 (La. App. 3 Cir. 10/10/10); 50 So. 3d 964, 965. The plaintiff alleged that he injured his knees when he slipped and fell on gravel that was present on the cement surface outside the order window of the defendant's restaurant. *Id.* However, the plaintiff admitted that he walked across a gravel parking lot to get to the cement area where he fell, and that he was looking at the order board and did not notice the gravel on the cement. *Id.* The court concluded that there was "no evidence to support [the plaintiff's] opinion that the presence of ten to twenty pieces of [gravel] on Defendant's cement pad created an unreasonably dangerous condition. . . . [The plaintiff] offered no evidence to establish that the presence of the [gravel] on the cement area presented an unreasonable risk of harm to patrons." *Id.* at 967. The court concluded that because the plaintiff did not present any evidence to support his allegation that gravel on the defendant's cement pad would reasonably cause a person, exercising ordinary care, to slip and fall that summary judgment was appropriate in favor of the defendants. *Id.*

Here, the Court concludes that there is no genuine issue of material fact that the large gravel-limestone rock which allegedly caused Plaintiff's injuries was open and obvious and did not create an unreasonably dangerous condition. *See Allen* 156 So. 3d 650 (finding summary judgment appropriate where the plaintiff did not rebut photographic evidence and deposition testimony, nor could the plaintiff say what the defendants did to cause the accident); *Bias*, 50 So. 3d at 966-67 (affirming summary judgment where the plaintiff presented no evidence, other than his own testimony, that the condition that caused the injury was unreasonably dangerous); *Dowdy v. City of Monroe*, 46-693 (La. App. 2 Cir. 11/2/11); 78 So. 3d 791. Plaintiff bears the burden of proving that the alleged condition was unreasonably dangerous and not open and obvious. *Bufkin*, 171 So. 3d at 856; *Ardoin,* 963 So. 2d 1051. Here, the photographic evidence in conjunction with the plaintiff's deposition testimony reveals that the condition which allegedly caused Plaintiff's injuries was open and obvious. Defendant produced pictures of the area where Plaintiff alleges his injuries occurred. (R. Doc. 22-3.) Further, Plaintiff confirmed that these pictures fairly and accurately portray the area as it existed on the date of the incident. (R. Doc. 22-2 at 15.) The pictures clearly show that there is a paved, asphalt parking area and a non-paved, gravel parking area on Defendant's property. (R. Doc. 22-3 at 3.) Further, the pictures clearly show

that the gravel area is made up of different sized rocks (R. Doc. 22-3 at 2), which Plaintiff confirmed that he noticed prior to the alleged incident (R. Doc. 22-2 at 26). Plaintiff also testified that there was nothing impeding his view while walking back to the vehicle, and Plaintiff had already traversed the gravel portion of the parking area when he went to speak to the Defendant's personnel about backing the truck up to the equipment. Accordingly, the Court finds that the alleged condition was open and obvious, and thus Defendants did not owe Plaintiff a duty under Louisiana law. *See Bufkin*, 171 So. 3d at 856.

Further, Plaintiff did not produce any evidence, other than his own deposition testimony, to demonstrate how the alleged defect caused the accident or that the alleged defect was unreasonably dangerous. Particularly, Plaintiff did not preserve the particular rock he alleges caused his injuries, nor did he produce a photograph of the rock. And Plaintiff admitted that he had "no idea" what Defendant did to cause the accident. (R. Doc. 22-2 at 18.) Accordingly, the Court also concludes that Plaintiff has not satisfied his burden of proving that the alleged defect was unreasonably dangerous. *See Allen*, 156 So. 3d at 653 (noting that the plaintiff's failure to articulate any way the defendants caused the accident and failure to produce evidence or demonstrate how the alleged defect caused the accident weighed in favor of finding that the condition was not unreasonably dangerous); *Bias*, 50 So.

3d at 967 (finding plaintiff's own opinion that gravel on the cement pad was unreasonably dangerous, alone, was insufficient to preclude summary judgment).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Summary Judgment* **(R. Doc. 22)** is **GRANTED**. Plaintiff's claims against Defendant National Railroad Passenger Corporation are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 7th day of November, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE